IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEGACY GYMNASTICS, LLC, Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 2:20-cv-04214-NKL |
| v. | ) ) ) |
| ARCH INSURANCE COMPANY, | ) ) |
| Defendant. | ) ) |

**ORDER**

Pending before the Court is Defendant Arch Insurance Company's motion to strike class action allegations. Doc. 35. The Court heard oral argument on June 8, 2021. Doc. 49. For the following reasons, the motion is denied.

**I.    Background**

In this putative class action, Plaintiff Legacy Gymnastics alleges Defendant Arch Insurance wrongly denied Legacy's claim for insurance coverage stemming from damage incurred due to Covid-19. Legacy offers gymnastics, cheerleading, and dance programs in its 70,000+ square foot facility located in Lexington, Kentucky. During the Covid-19 pandemic, Legacy temporarily closed its facility. While Legacy has since reopened, it continues to suffer lost revenues and increased costs. Legacy submitted a claim to Arch under the commercial property insurance policy (the Policy) Arch sold to Legacy. Legacy claims that the presence of coronavirus on its property and other nearby property and in the air effectively eliminates the utility and habitability of such property sufficient to constitute direct physical loss of or damage

1

to property within the meaning of the Policy. Doc. 26, p. 6. Arch denied Legacy's claim for coverage, and Legacy brought suit for declaratory judgment and breach of contract and/or anticipatory breach.

Legacy brings suit on behalf of itself and similarly situated insureds pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and/or 23(c)(4). Doc. 26, p. 24. Specifically, Legacy contends Arch's denial of claims extends to other insureds and Legacy seeks to represent three classes:

(1) **Nationwide Declaratory Judgment Class**: All businesses that were covered as of March 2020 by one of the Defendant's policies that contains one or more of the following provisions: Business Income, Extra Expense, or Civil Authority.

(2) **Nationwide Breach / Anticipatory Breach Class**: All businesses that were covered as of March 2020 by one of the Defendant's policies that contains one or more of the following provisions: Business Income, Extra Expense, or Civil Authority.

(3) **Kentucky Subclass**: All businesses in Kentucky that were covered as of March 2020 by one of Defendant's policies that contains one or more of the following provisions: Business Income, Extra Expense, or Civil Authority.

Legacy filed suit in November 2020. Doc. 1. Arch filed a motion to dismiss and motion to strike class action allegations. Docs. 11, 13. Legacy filed an amended complaint pursuant to Rule 15(a)(1)(B), and the Court denied as moot the pending motion to dismiss and motion to strike class action allegations. Arch then filed an answer and motion to strike the class action allegations contained in the amended complaint. Doc. 35. Legacy contends Arch's arguments opposing class certification are premature and asks the Court to deny the motion so discovery can proceed.[1] Doc. 42.

---

[1] The Court's scheduling order lists October 22, 2021 as the deadline for any motion for class certification. Doc. 28, p. 2. The scheduling order allows for post-class certification discovery, in the event the Court certifies one or more classes. *Id.* at 3.

2

## II. Legal Standard

Pursuant to Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Striking a party's pleading, however, is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted). Particularly in the context of a class action suit, striking class allegations prior to discovery and the class certification stage is a rare remedy "because it is seldom, if ever, possible to resolve class representation question[s] from the pleadings alone." *Courtright v. O'Reilly Auto. Stores, Inc.*, 2014 WL 12623695, at *2 (W.D. Mo. July 7, 2014); *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (holding that striking allegations is an "extreme measure" and is necessarily infrequently granted); *Nobles v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 4090347, at *2 (W.D. Mo. Sept. 17, 2012) (collecting cases and concluding that "[t]he weight of authority indicates that courts should meet motions to dismiss class allegations at the 12(b)(6) stage with a great deal of skepticism").

Striking class action allegations is appropriate "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Doyel v. McDonald's Corp.*, 2009 WL 350627, at *5 (E.D. Mo. Feb. 10, 2009); *Sherrard v. Boeing Co.*, 2013 WL 5788642, at *3 (E.D. Mo. Oct. 28, 2013) ("It is a rare case in which it is clear from the pleadings that the plaintiffs may not proceed as a class."). "Any doubt as to whether the class action requirements will be met must be construed in favor of the plaintiff." *Id.* See also *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977) (holding that where the chance exists that Rule 23 may be satisfied with discovery, the parties must be offered the opportunity to discovery and present documentary evidence on the issue).

### III. Discussion

Arch argues the class action allegations should be stricken for five reasons: (1) the class definitions include putative members who lack standing, (2) a nationwide class cannot be certified because individual questions predominate over common ones, (3) an injunction or declaratory judgment class cannot be certified because the primary purpose of the action is to recover money damages, (4) there is no possibility of inconsistent adjudications or a limited fund for relief, and (5) Legacy's claims are not typical because its claim only overs personal property, not premises, buildings, or structures.

#### A. Putative Class Members' Standing

Arch first argues that the alleged classes cannot be certified because they include putative class members that lack standing.[2] Legacy responds that at the pleadings stage, only the standing of the named plaintiff is relevant. "It is well-settled… that the individual, unnamed class members do not need to demonstrate standing prior to a class being certified." *Walls v. Sagamore Ins. Co.*, 274 F.R.D. 243, 253 (W.D. Ark. 2011) (citing Newberg on Class Actions 2.7 (4th ed. 2010)); *Gibson v. Lynn Univ., Inc.*, 2021 WL 1109126, at *6 (S.D. Fla. Mar. 23, 2021) (holding that "at the pleadings stage, the Court need only determine that at least one named class representative has Article III standing to raise each class sublcaim"). The Court finds that only Legacy's standing is relevant, and Arch has not argued Legacy lacks standing. Arch's argument on this point is denied.

---

[2] Arch relies on *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) and *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 779 (8th Cir. 2013). However, both these cases addressed class members' standing at the certification stage, not the pleading stage.

### B. Rule 23(b) Requirements

Arch next argues that Legacy cannot certify its proposed classes under Rule 23(b). Rule 23(b) defines the three types of classes that may be maintained per the Federal Rules, each with various requirements for class certification.[3] Arch asserts that Legacy's proposed classes cannot be certified because they fail to meet the Rule 23(b) requirements for various reasons.

For example, Rule 23(b)(3)'s predominance requirement instructs courts to consider "the likely difficulties in managing a class action." In the amended complaint, Legacy includes two nationwide classes, and argues that "thousands of businesses are similarly impacted by Defendant's failure and refusal to acknowledge coverage under the policies at issue for claims arising from" Covid-19. Doc. 26, p. 27. Arch contends that applying multiple states' laws renders a class action unmanageable in this case because state courts disagree about whether Covid-19 causes direct physical loss or damage to property. Doc. 36, p. 16. What Arch has not done, however, is show that even after discovery Legacy will not be able to certify any class. In *Dollar General*, the district court considered whether to strike class action allegations at the pleading stage due to potential conflicts in substantive state laws. *In re: Dollar General Corp. Motor Oil Marketing & Sales Practices Litigation*, 2017 WL 3863866, at *5 (W.D. Mo. Aug. 3, 2017). The district court denied the motion to strike, allowed the plaintiffs to "fully brief a case-management strategy and provide an analysis of varying state laws" and found "such a course

---

[3] Generally, Rule 23(b)(1) applies when prosecuting separate actions would create a risk of inconsistent or varying adjudications or adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications. Rule 23(b)(2) applies when final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Rule 23(b)(3) applies when questions of law or fact common to class members predominate over any questions affecting only individual members. Legacy cites all three subparts in the amended complaint.

5

follows the majority of guidance from the various circuit courts of appeal, which caution that plaintiffs seeking to certify a nationwide class must credibly demonstrate, through an extensive analysis of state law variances, that class certification does not present insuperable obstacles." *Id.* (citations omitted).

In this case, discovery is ongoing and Legacy's motion for class certification is not due until October 2021. Looking only at the information contained within the pleadings, the Court cannot discern in which states other potential class members are located, and whether there are material differences in the laws of those states and Kentucky law. In the absence of this information, it would be premature to determine whether "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," as required by Rule 23(b)(3). *Bishop v. DeLaval Inc.*, 2020 WL 4669185, at *2 (W.D. Mo. Jan. 28, 2020) (denying motion to strike class action allegations prior to discovery or motion for class certification because "discovery is needed to determine what the common and individualized issues are and the scope and magnitude of such issues as they relate to the Plaintiffs' claims").

As with predominance, the Court finds that all of Arch's Rule 23(b) arguments would be better addressed at the class certification stage after discovery yields more information. Most district courts to encounter motions to strike class allegations before discovery reach the same result.[4] The only instances in which district courts have granted motions to strike class action

---

[4] *See, e.g.*, *Anglin v. Edgewell Personal Care Co.*, 2018 WL 6434424, at *14 (E.D. Mo. Dec. 7, 2018) ("Plaintiffs may likely have difficulty satisfying the predominance requirements on these nationwide claims…At this point in the proceeding, however, the Court finds it proper to allow [P]laintiffs to conduct discovery…"); *Knowles v. Standard Fire Ins. Co.*, 2013 WL 6497097, at *3 (W.D. Ark. Dec. 11, 2013) (denying motion to strike class action allegations and recognizing that "Plaintiff has not had the opportunity to take any meaningful discovery on class certification issues, and the Court is therefore hesitant to issue an order foreclosing the possibility of any class-wide remedy at this stage of litigation"); *Williamson v. Hartford Life and Accident Ins. Co.*, 2010 WL 11618788, at *2 (W.D. Mo. Sept. 29, 2010) ("At this stage in the litigation, based on

6

allegations at this stage are circumstances in which the defendant has shown that the plaintiff will not be able to satisfy Rule 23 despite discovery. *See, e.g.*, *Wilcox v. State Farm Fire and Casualty Co.*, 2016 WL 6908111, at *4 (D. Minn. Sept. 7, 2016) (striking class allegations from the pleadings because the Minnesota Supreme Court "made clear" that in disputes about homeowner insurance policies that do not define "actual cash value" "a trier of fact must conduct an individualized inquiry into each allegation that a particular claimant was underpaid under the claimant's respective policy" and the plaintiffs "concede[d] that moving forward as a class could require mini-trials to make these claimant-specific determinations"). Arch has not made that showing here.[5] Accordingly, at this time, it is appropriate to allow Legacy to engage in discovery to determine whether the Rule 23(b) requirements can be satisfied. *E.g.*, *Courtright*,

---

[P]laintiff's amended class action [c]omplaint, the Court finds it proper to allow [P]laintiff additional time to show that Rule 23 can be satisfied. The parameters of the class and applicable laws are more fitting for the class certification stage, not the pleading or discovery stage."); *Doyel*, 2009 WL 350627, at *5-6 (declining to strike class allegations at pleading stage and instead allowing class certification discovery); *Huskey v. Colgate-Palmolive Co.*, 486 F.Supp.3d 1339, 1358 (E.D. Mo. 2020) (denying motion to strike class action allegations at the motion to dismiss stage even where the district court harbored "serious doubts as to whether Plaintiffs will be able to satisfy the predominance requirement" but nonetheless permitting discovery and an opportunity for Plaintiffs to "provide additional briefing to explain whether the prerequisites of Rule 23 can be satisfied").

[5] In briefing and at oral argument, Arch relied on *In re Katrina Canal Breaches Consolidated Litigation*. 2009 WL 1707923 (E.D. La. June 16, 2009). In *Katrina Canal*, the plaintiff insureds brought claims against defendant insurance companies for declaratory judgment, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and violation of Louisiana laws prohibiting bad faith by insurers. The district court struck the class action allegations because, under Louisiana law, the case would "require individualized fact-specific [damages] inquiries," such as whether a property suffered wind versus water damage, and involved "multiple Defendants, each of which was represented by various agents who performed the adjustments and negotiations. Thus, individualized analysis of each agent's actions will be needed, making class certification under Rule 23(b)(3) inappropriate." *Id.* at *6-7. Here, only one defendant insurance agency is before the Court. Further, Arch has not persuasively shown at this stage in the proceedings that any individualized inquiries, either related to damages or otherwise, will outweigh any common inquiries. *Katrina Canal* is distinguishable and does not provide a basis for granting Arch's motion.

7

2014 WL 12623695, at *2; *Walker*, 563 F.2d at 921 (holding that where the chance exists that Rule 23 may be satisfied with discovery, the parties must be offered the opportunity to discovery and present documentary evidence on the issue); *Nobles*, 2012 WL 4090347, at *2 (holding that "[a]ny doubt as to whether the class action requirements will be met must be construed in favor of the plaintiff").

### C. Rule 23(a)'s Typicality Requirement

Finally, Arch argues that Legacy's claims are not typical, as required by Rule 23(a). Doc. 26, p. 21. Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Arch contends that because Legacy's commercial inland marine policy only covers personal property, Legacy's "claims are not typical of class members who purchased policies that insure premises, buildings, or structures and that have a claim for direct physical loss or damage to that property." Doc. 36, p. 22. Arch further argues that the different types of commercial property policies include different terms, conditions, and exclusions that have a material impact on coverage. *Id.* Legacy responds that "any differences in the policies which may require modifying the class definition will be revealed through the typical discovery process." Doc. 42, p. 20. The Court finds that Arch's typicality arguments are premature because discovery will reveal whether Legacy's claims are typical. *Walker*, 563 F.2d at 921; *Nobles*, 2012 WL 4090347, at *2.

### IV. Conclusion

"At this stage of the proceedings, the Court cannot say with certitude that the existence of evidence in support of class certification is so unlikely that dismissal of the state law class action allegations is justified. Whether these classes will meet the certification requirements of Rule 23 will be addressed when [Legacy] move[s] for class certification." *Nobles*, 2012 WL 4090347, at

8

Case 2:20-cv-04214-NKL   Document 50   Filed 06/09/21   Page 8 of 9

*3. For the reasons stated, Arch's motion to strike the class action allegations, Doc. 35, is denied.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: June 9, 2021
Jefferson City, Missouri